IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

BLAKE GILES, )
 )
       Plaintiff, )
 )
vs. ) CIVIL NO. 09-cv-143-DRH
 )
DONALD HULICK, et al., )
 )
       Defendants. )

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

Blake Giles, an inmate in the Centralia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

**FACTS ALLEGED:**

While being housed at the Menard Correctional Center, Giles worked in the slaughter house operating a meat grinder. On October 19, 2007 the grinder Giles used to complete his work fell due to unstable conditions. Defendant Pearison, Giles's supervisor in the slaughter house, told Giles to pick up the grinder and place it back on the table. Giles attempted to comply, but once the grinder was placed on the table it fell once more, this time taking the tip of his right index finger with it.

Giles was immediately taken to the Menard infirmary, and then transported to the hospital. Giles was given pain medication, and had surgery to close the wound on his hand from the missing finger tip. After surgery, Giles was taken back to Menard, and placed in a room with no water, no toilet, and little medical attention. Several grievances were filed, but were not answered, and shortly after the accident Giles was transferred to Centralia. Giles claims that the conditions in the slaughter house were a direct cause of his injury, and that the conditions of the room where he was kept after surgery only furthered his suffering.

**DISCUSSION:**

Giles first claims that the dangerous conditions in which the meat grinder was kept, thus allowing it to fall and cause injury, amount to deliberate indifference to his personal safety. Giles suggests that as the slaughter house supervisor, Pearison had access to the area and should have seen that the grinder was unsafe. Further, as warden, Hulick should have ensured that all locations in the prison were safe for inmates.

A cause of action may be found where deliberate indifference to safety is drawn from unsafe surroundings. *See Benson v. Cady,* 761 F.2d 335, 339-40 (7th Cir. 1985). However, even where surroundings are found unsafe, mere negligence is not enough to establish a claim of deliberate

2

indifference. *Steading v. Thompson*, 941 F.2d 498, 499-500 (7th Cir. 1991). Instead, prisoners must show that "their custodians either established the conditions to inflict wanton pain or are deliberately indifferent to whether the conditions have these effects . . . showing a culpable mental state is essential . . . ." *Id.*

In the complaint there is no allegation that Giles informed prison officials before the fall that the meat grinder was kept in a dangerous position. There is also no allegation that either Pearison or Hulick was aware that the grinder was kept in dangerous conditions and refused to remedy the situation. Without knowledge of the danger, the prison officials cannot beheld to have been deliberately indifferent to that danger. For this reason, this claim of indifference to safety is dismissed at this time.

Giles clearly claims that the conditions of the cell he was returned to after surgery amounted to deliberate indifference to his medical needs. Giles states that the cell he was placed in had no running water, no toilet, and he was consistently ignored by medical staff after his surgery. The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). A claim for deliberate indifference in the denial or delay of medical care of a prisoner requires evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health – that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'

3

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.), *cert. denied,* 516 U.S. 993 (1995); *see also Steele v. Choi*, 82 F.3d 175, 179 (7th Cir.), *cert. denied,* 519 U.S. 897 (1996)(concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*).

However, construing Plaintiff's complaint as liberally as possible in an attempt to interpret a viable claim, the Court cannot help Mr. Giles. Giles has not alleged who specifically placed him in his new cell. Giles also fails to allege that Hulick or Pearison knew that the cell lacked water and a toilet. Without knowledge of the conditions, Hulick and Pearison cannot be liable for disregarding Giles's health. Deliberate indifference requires knowledge of the conditions in which an inmate is kept, and Giles has not alleged that Hulick or Pearison knew about the conditions and were deliberately indifferent to the risk. There is no way to interpret the allegations of the complaint in a way that suggests a medically harmful environment to Plaintiff. He discusses that he was given his medication and so no deliberate indifference could have occurred by his own allegations. For these reasons, this count must be dismissed.

**DISPOSITION:**

In summary, Giles's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED:   August 10, 2009.**

      /s/    DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**